IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DWAYNE V. CHAPPELL, # 169522**                                                      **PLAINTIFF**

**VERSUS**                                          **CIVIL ACTION NO. 3:16cv179-DPJ-FKB**

**MISSISSIPPI DEPARTMENT OF
CORRECTIONS, DR. GLORIA PERRY,
HEAD NURSE KATHY HOGUE, DR.
LEROY SUTTON, CENTURION OF
MISSISSIPPI, LLC, NURSE GREENE,
CAPTAIN BONE, and DR. TOUCHSTONE**                                    **DEFENDANTS**

## ORDER DISMISSING MISSISSIPPI DEPARTMENT OF CORRECTIONS

This *pro se* prisoner case is before the Court, *sua sponte*, for consideration of partial dismissal. Plaintiff Dwayne V. Chappell is incarcerated with the Mississippi Department of Corrections ("MDOC"), and he challenges the conditions of his confinement. The Court has considered and liberally construed the pleadings. As set forth below, Defendant MDOC is dismissed. The remainder of this case shall proceed.

I.   Background

On March 10, 2016, Chappell filed this action, while housed at the Walnut Grove Correctional Facility, alleging he was being denied medical treatment for severe ear pain that had lasted for a year or more. Chappell claimed he was being denied treatment by an ear, nose, and throat specialist, even though that had been recommended by his treating physician.

Chappell later amended the Complaint to plead that he had since seen the specialist, who diagnosed Chappell with a malignant cancer on the back of his tongue, stage-three adenoid-cystic carcinoma. Chappell claims that the delay of medical treatment caused the cancer to advance to stage three, requiring surgery and radiation, as opposed to a one day outpatient

treatment at stage one. Chappell accuses Defendant Dr. Gloria Perry of delaying the approval for that surgery, which is now scheduled for August 20, 2016.

Chappell further alleges that he has been transferred to Central Mississippi Correctional Facility, where he claims that he is being denied his prescribed medications, bottom rack assignment, and soft diet. Chappell also contends that he is being housed in unsanitary conditions which he believes will be detrimental to his immune system after surgery and radiation.

II.    Discussion

The Prison Litigation Reform Act of 1996 applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Chappell to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under § 1915.

Among others, Chappell sues MDOC for damages and injunctive relief. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983. The State of Mississippi is not amenable to suit under this statute, because "a State is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). This holding likewise applies to "any governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Id.* at 70. MDOC is considered an arm of the State of Mississippi. Miss. Code Ann. § 47-5-1; *Scott v. Miss. Dep't of Corrs.*, No. 2:05cv2159-KS-JMR, 2006 U.S. Dist. LEXIS 43683 at *2 (S.D. Miss. June 12, 2006). Therefore, MDOC is dismissed.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, Defendant Mississippi Department of Corrections should be and is hereby **DISMISSED WITH PREJUDICE**. The remainder of the case shall proceed.

**SO ORDERED AND ADJUDGED** this the 19th day of July, 2016.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE