IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DWAYNE V. CHAPPELL                                                                    PLAINTIFF

VS.                                                      CIVIL ACTION NO. 3:16cv179-FKB-FKB

DR. GLORIA PERRY, ET AL.                                                          DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Before the Court are the Motion for Summary Judgment [78] for Failure to Exhaust Administrative Remedies filed by Defendant Dr. William C. Touchstone and the Motion for Summary Judgment [79] for Failure to Exhaust Administrative Remedies filed by Defendant Kathleen Hogue, in this action brought pursuant to 42 U.S.C. § 1983.  Plaintiff, Dwayne V. Chappell, has filed a response [89] to the motion [79].  The Court held an Omnibus Hearing in this matter, at which time the parties consented to proceed before the undersigned United States Magistrate Judge, and the District Judge subsequently entered an Order of Reference.  28 U.S.C. § 636(c); Fed. R. Civ. P. 73.  Chappell is proceeding in this matter *in forma pauperis* and *pro se*. For the reasons explained in this opinion, the Court finds that both motions should be denied.

I.   CLAIMS

Chappell alleges that his constitutional right to adequate medical treatment was violated while he was incarcerated at Walnut Grove Correctional Facility ("WGCF") and Central Mississippi Correctional Facility ("CMCF") in 2015 and 2016.  After being referred to outside specialists, Plaintiff was diagnosed with adenoid cystic carcinoma in March 2016.  [10] at 2; [18].  Chappell underwent surgery in April 2016, followed by radiation treatments in May and June 2016.  [16].  Since that time, Chappell has been released from custody.

Plaintiff has brought this action against two employees of the Mississippi Department of

Corrections ("MDOC"), Dr. Gloria Perry and Captain Denise Bone. He has also alleged claims against Centurion of Mississippi, LLC ("Centurion"), as well as Dr. William C. Touchstone, Kathleen S. Hogue, Dr. Lawrence Sutton, and Jennifer W. Green. In sum, Chappell alleges that Defendants misdiagnosed him and delayed medical treatment for him beginning in April 2015, when he was transferred to WGCF from another facility in the MDOC system. His claims against Defendants Touchstone, Hogue, and Sutton relate to his medical care while he was in custody at WGCF and until he was transferred to CMCF on March 30, 2016. His claims against Defendant Green stem from his medical care after he was incarcerated at CMCF, and his claims against Defendant Bone are based on his housing during the same time period. [18]. His claims against Defendant Perry relate to the alleged denial and delay of medical care by MDOC in 2015 and 2016.

Defendants Touchstone and Hogue have filed the present motions for summary judgment, arguing that Chappell failed to exhaust administrative remedies with regard to his claims against them. For the reasons explained below, the Court hereby denies both motions.

## II. RELEVANT STANDARDS

Rule 56 of the Federal Rules of Civil Procedure states, in relevant part, that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is genuine if the "'evidence is sufficient to permit a reasonable factfinder to return a verdict for the nonmoving party.'" *Lemoine v. New Horizons Ranch and Center*, 174 F.3d 629, 633 (5th Cir. 1999)(quoting *Colston v. Barnhart*, 146 F.3d 282, 284 (5th Cir.), *cert. denied*, 119 S.Ct. 618 (1998)). Issues of fact are material if "resolution of the issues might affect the outcome

of the suit under governing law." *Lemoine*, 174 F.3d at 633. The Court does not, "however, in the absence of any proof, assume the nonmoving [or opposing] party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(emphasis omitted). Moreover, the non-moving party's burden to come forward with "specific facts showing that there is a genuine issue for trial,*" Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), is not satisfied by "conclusory allegations" or by "unsubstantiated assertions," or by only a "scintilla" of evidence. *Little*, 37 F.3d at 1075.

Statutory law and case law require a prisoner to exhaust administrative remedies, regardless of the relief sought, before bringing a § 1983 action in federal court. The relevant portion of 42 U.S.C. § 1997e, as amended by the Prison Litigation Reform Act of 1995 (PLRA), states the following:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a)(Supp. 2000). In *Booth v. Churner*, 121 S.Ct. 1819 (2001), the Supreme Court held that 42 U.S.C. § 1997e, revised as a part of the PLRA, requires an inmate to exhaust administrative remedies before bringing an action with respect to prison conditions, regardless of the relief offered through administrative procedures. *Booth*, 121 S.Ct. at 1825. The United States Supreme Court further explained that the PLRA's exhaustion requirement is mandatory and applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *See Porter v. Nussle*, 122 S.Ct. 983 (2002); *see also Jones v. Bock*, 127 S.Ct. 910 (2007)(reaffirming that exhaustion is mandatory; stating that it is an affirmative defense).

The United States Court of Appeals for the Fifth Circuit has reiterated the principles found in these cases. In *Gonzales v. Seal*, 702 F.3d 785 (5th Cir. 2012), the Fifth Circuit recognized that exhaustion of administrative remedies prior to suit is mandatory, and that district courts have no discretion to stay § 1983 prisoner cases when they are filed before prisoners have exhausted administrative remedies. The Fifth Circuit concluded, as follows:

> District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint. It is irrelevant whether exhaustion is achieved during the federal proceeding. Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted.

*Id.* at 788. Moreover, "[i]t is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion." *Walker v. East Miss. Corr. Facility*, 2013 WL 4833901 (S.D. Miss. Sept. 11, 2013)(citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)(finding that filing an initial grievance, without more, did not equate to exhaustion)); *see also Tompkins v. Holman*, 2013 WL 1305580 (S.D. Miss. Mar. 26, 2013)(dismissing § 1983 complaint for failure to exhaust administrative remedies when prisoner filed a grievance, but did not complete the ARP before filing his lawsuit).

## III. DISCUSSION

Defendants Touchstone and Hogue argue that Chappell failed to exhaust administrative remedies related to his claims against them. As a basis for his motion, Defendant Touchstone points out that Chappell withdrew the Request for Administrative Remedy Program Number ("ARP #) WGCF-15-604, which contained Chappell's allegations against him. *See* [78-1] at 3. In that request, dated August 25, 2015, Chappell complained that he had sought treatment from

Touchstone for five months, Touchstone had been unable to diagnose the source of the pain, and Touchstone had refused to send him to a specialist. *Id.* The record evidence shows that Chappell withdrew ARP # WGCF-15-604. *Id.* at 6. Chappell did not refute this argument in his response [89] directed to Hogue's motion, but at the omnibus hearing he stated that he had pursued his grievances as far as the system would allow.

Upon initial review of the records, it would appear that Chappell failed to exhaust his administrative remedies as to Touchstone. To be sure, the records demonstrate that Chappell withdrew his ARP # WGCF-15-604, which contained allegations of denial of medical care against Touchstone. However, a review of another grievance, ARP # WGCF-15-787, submitted by Chappell on November 1, 2015, shows that Chappell renewed his claims of denial of medical care against the doctors treating him at WGCF. *See* [79-1] at 3. In that grievance, Chappell asserted that three doctors at WGCF had misdiagnosed his condition and failed to refer him to a specialist, despite his numerous complaints. *Id.* Furthermore, at the omnibus hearing, Hogue made clear that Touchstone was his primary doctor while he was incarcerated at WGCF, and Touchstone was one of three doctors who treated him at WGCF. Chappell has exhausted his administrative remedies as to ARP # WGCF-15-787. [79-1] at 7. Accordingly, because Chappell exhausted his administrative remedies as to ARP # WGCF-15-787, which included allegations against Touchstone, Touchstone's motion [78] is hereby denied.

The Court also denies Hogue's motion based on the same grievance, ARP # WGCF-15-787. Hogue argues that none of Chappell's grievances relate to his allegations that she ignored his sick calls or otherwise displayed deliberate indifference to his serious medical condition. To the contrary, ARP # WGCF-15-787 states that he had complained numerous times about his

condition only to be "put off on September 14, 2015," by Defendant Hogue. *Id.* at 3. The records demonstrate that Hogue met with him about his prior grievance, ARP # WGCF-15-604, on September 14, 2015, and Chappell withdrew the grievance that same day based, in part, on Hogue's assurances that a doctor had requested an appointment with a specialist. [78-1] at 6.

The Court must broadly construe prisoner filings. *See Haines v. Kerner,* 404 U.S. 519 (1972). Consequently, it interprets ARP # WGCF-15-787 to allege that Defendant Hogue played a role in the denial and delay of medical treatment, which is the basis of this action. *See Dillon v. Rogers*, 596 F.3d 260 (5th Cir. 2010)(finding that factual disputes related to exhaustion may be resolved by a judge without resort to a jury). As stated above, Chappell exhausted his administrative remedies as to this ARP. Accordingly, based on the foregoing analysis, Hogue's motion is denied.

## IV. CONCLUSION

Accordingly, for these reasons, the undersigned hereby denies the Motions for Summary Judgment Based on Failure to Exhaust Administrative Remedies.

SO ORDERED, this the 14th day of February, 2018.

/s/ F. Keith Ball  
UNITED STATES MAGISTRATE JUDGE