IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DWAYNE V. CHAPPELL                                                                                          PLAINTIFF

VS.                                                                      CIVIL ACTION NO. 3:16-cv-179-FKB-FKB

DR. GLORIA PERRY, ET AL.                                                                              DEFENDANTS

OMNIBUS ORDER

The Court, having held an omnibus hearing in this matter, and having conferred with Plaintiff and with counsel for Defendants, orders as follows:

1. In this action, Plaintiff makes claims of denial of medical care. At the omnibus hearing, defense counsel for the State provided a copy of Chappell's medical, institutional, and grievance records to him.

2. A discovery deadline is set for May 18, 2018. The parties are allowed to serve ten (10) interrogatories, ten (10) requests for production of documents, and ten (10) requests for admissions. *See* Fed. R. Civ. P. 33, 34, 36.

3. A dispositive motion filing deadline is hereby set for June 1, 2018.

4. Plaintiff submitted the names of Anthony Jenkins, MDOC # 41295; Billy Jordan, MDOC # 33336; Dr. Braiser, CMCF 720; Dr. Zakow, Radiologist, Jackson Medical Hospital; and Dr. Cannon, E.N.T. Specialist, Merit Health Hospital. If any of these witnesses are "free world," it is the responsibility of Plaintiff to obtain the presence at trial of any "free world" witnesses he designates. Should this matter proceed to trial, and should a "free world" witness refuse to appear voluntarily for trial, Plaintiff should adhere to the following procedure to secure the witness's presence: at least ten days prior to trial, Plaintiff may submit to the Clerk's Office

1

the $40.00 witness fee and associated fees for the witness's travel expenses, along with the complete address where the witness can be found, so that a subpoena may issue for the named witness.  A post office box is an insufficient address for this purpose.  See 28 U.S.C. § 1821; *Pedraza v. Jones*, 71 F.3d 194, 196 -197 (5th Cir. 1995)(disallowing waiver of witness fees in cases involving *in forma pauperis* prisoners, stating "the district court has no authority to appoint an expert witness under section 1915" ); *Hodge v. Prince*, 730 F.Supp. 747 (N.D. Tex. 1990), *aff'd*, 923 F.2d 853 (5th Cir. 1991)(finding that in § 1983 indigent prisoner cases no right to waiver of  payment of witness fees mandated by 28 U.S.C. § 1821 arises by statute or pursuant to constitutional right of access to the courts).

The addresses that Chappell has given for his proposed physician witnesses are insufficient in that they do not provide the full names of the doctors or their street addresses. Plaintiff is given sixty (60) days from the date of this Order to provide full names and proper street addresses for these proposed witnesses.

The plaintiff is responsible for informing the court of any changes in the witness's address prior to the evidentiary hearing/trial.   FAILURE TO INFORM THE COURT OF SUCH INFORMATION WILL RESULT IN THE WAIVER OF THE RIGHT TO CALL THAT PERSON TO TESTIFY AT THE TRIAL.

5.  Plaintiff is warned that the failure to advise this Court of a change of address or failure to comply with any Order of this Court will be deemed as a purposeful delay and contumacious

act by Plaintiff and may result in the dismissal of this case.

    SO ORDERED, this the 14th day of February, 2018.

                                      /s/ F. Keith Ball
                                UNITED STATES MAGISTRATE JUDGE